## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES N.J. RUGGIERO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23-CV-191 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL D. GREELEY, | ) | |
| | ) | |
| Defendant. | ) | February 15, 2023 |

## COMPLAINT FOR INJUNCTIVE RELIEF

**INTRODUCTION AND SUMMARY OF THE CASE**

1.      The plaintiff, Charles N.J. Ruggiero ("Ruggiero"), is a well-known intellectual property lawyer based in Stamford, Connecticut who has been practicing for many years.  Over decades of practice, Ruggiero has established a very strong and independent reputation among numerous clients and throughout the intellectual property legal community and beyond.  He has long been a leader in well-known bar and other legal associations and a noteworthy speaker and author for many years on the subject of intellectual property law.

2.      Ruggiero, through a wholly-owned professional corporation, was one of two equity partners in the intellectual property law firm Ohlandt, Greeley, Ruggiero & Perle, LLP ("OGRP").  The other such partner was defendant Paul D. Greeley ("Greeley") through his professional corporation.

3.      In recent years, Ruggiero and Greeley had a professional falling-out, leading to the two parting ways in the spring of 2022 to separate their law practices and serve clients independently of one another.  Consistent with this business divorce, effective June 1, 2022,

Ruggiero moved his ongoing law practice to the new firm Ruggiero McAllister & McMahon LLC, which is also known as RuggieroIP ("RuggieroIP").

4.      Notwithstanding the parties' split in June 2022, Greeley has refused to move on from OGRP and, in particular, has impermissibly and improperly continued to practice law *using Ruggiero's name*, by continuing to hold out his law practice as Ohlandt, Greeley, *Ruggiero* & Perle, LLP, including on the firm's website and in client and other communications.  Greeley is not authorized to use and has no right to use Ruggiero's name in his ongoing practice of law, and despite Ruggiero's demands that Greeley cease and desist from the misappropriation of Ruggiero's name, Greeley continues to do so to this day.  Further, even into February 2023, Greeley has continued to actively market his legal practice using Ruggiero's name, including recent marketing emails featuring the name Ohlandt, Greeley, *Ruggiero* & Perle.  This includes a mass email sent on or about February 3, 2023 advertising the addition of a lawyer to OGRP, which followed another mass email sent a couple weeks earlier advertising that OGRP had moved to new office space in Stamford.

5.      The professional falling out between Ruggiero and Greeley has resulted in a number of other disputes that are the subject of litigation pending in the state courts.  Greeley has contended, for example, that Ruggiero ostensibly withdrew from or abandoned OGRP, a contention that Ruggiero vigorously disputes.  However, *even if* Greeley's contention were correct (which it is not), Greeley would *still have no right to co-opt Ruggiero's name in Greeley's own ongoing practice of law*.  While the other issues between the parties will be addressed in due course in state court, this separate and distinct action focuses solely on Greeley's improper and unauthorized use of Ruggiero's name and the resulting and ongoing

harm to Ruggiero and his client relationships.  Thus, Greeley should promptly be enjoined from any further misappropriation of Ruggiero's name.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367.

7.      This Court has personal jurisdiction over Greeley because he is a citizen of the State of Connecticut.

8.      Venue is proper in this District because Greeley resides in this District.

**FACTUAL BACKGROUND**

**A.  Ruggiero's Well-Known Legal Skills and Experience**

9.      Ruggiero has had decades of experience as an intellectual property lawyer, including work with patents, trade secrets, copyrights, trademarks, acquisitions, divestitures, mergers, and licensing.  Ruggiero has worked on or assisted with thousands of intellectual property filings and handled cases before, among others, the U.S. Trademark Trial and Appeal Board.

10.     Ruggiero's clientele includes numerous Fortune 500 companies with internationally recognized brands.  His clientele also includes hundreds of small and mid-size companies and other entities with business operations throughout the U.S. and abroad.

11.     Ruggiero has been an active and leading member in several notable intellectual property bar and law associations.  He was on the Board of Governors, and previously served as the President, of the Connecticut Intellectual Property Law Association.  In the Fairfield County Bar Association, Ruggiero was a board member, as well as past President and past Chairman of its Intellectual Property Law Committee.  He is the past Co-Chairman of the Intellectual Property

Law Committee for the Westchester-Fairfield Corporate Counsel Association.  He has been a member of intellectual property associations in other states including, for example, New York State Intellectual Property Law Association, American Intellectual Property Law Association (AIPLA), International Association for the Protection of Intellectual Property (AIPPI), International Trademark Association (INTA) and Leaders League.  Beyond the legal community, Ruggiero was also a board member for the Center for Family Support, which is a not-for-profit organization that provides assistance to people with developmental disabilities and is presently involved in Adult Children with Learning Disabilities (ACLD).Ruggiero also served as Associate Editor of the Greenbook of the New York Intellectual Property Law Association.

12.     Ruggiero has been a speaker and moderator for a variety of intellectual property seminars for groups including the Intellectual Property Law Associations in New York and Connecticut, as well as the Westchester-Fairfield Corporate Counsel Association, and the Fairfield County Bar Association.

13.     Ruggiero lectured on patent claim drafting at Practicing Law Institute (PLI) semi-annual conferences for thirteen years to audiences of over one hundred participants.  Ruggiero also taught at PLI patent claim clinics.  Ruggiero has spoken to groups on the subject of autism.

14.     Ruggiero has been selected as an expert witness on litigation matters involving intellectual property.

15.     Ruggiero over the past two decades has attended numerous intellectual property conferences worldwide in which he marketed OGRP.

16.     Ruggiero is highly regarded in the legal community for his expertise in intellectual property law and is well-known, among lawyers and non-lawyers, for his experience, skills and knowledge in this field.

17.     Ruggiero's expertise and goodwill in the community is a valuable asset, an asset which is intrinsically linked to the use of Ruggiero's name.

18.     Ruggiero's name is useful and valuable for advertising purposes.  The inclusion of Ruggiero's name in advertisements and communications connotes that any legal services provided will benefit from Ruggiero's personal expertise or supervision, that Ruggiero himself may assist with those legal services, and that those legal services are comparable in quality to Ruggiero's past work.

**B.  Ruggiero's Legal Practice at OGRP**

19.     As a result in substantial part of Ruggiero's own practice, OGRP was for a long time a prominent and well-regarded intellectual property firm based in Stamford.

20.     The original named partners in OGRP were Ruggiero, Greeley, John F. Ohlandt, and Gabriel Perle.  Ohlandt retired from OGRP and is now deceased.  Perle was party to a prior LLP Agreement governing OGRP, and he too retired and is now deceased.  David N. Koffsky was made an equity partner after the formation of OGRP and died suddenly in 2000, leaving Ruggiero and Greeley as the sole equity partners of OGRP, also referred to as "Tier 1" partners in OGRP's LLP agreement.

21.     About a decade ago, the firm began to market Ohlandt, Greeley, Ruggiero & Perle, at Ruggiero's recommendation, under the name OGRP.  The OGRP website and business cards have the colorful logo and background that were recommended by Ruggiero and Mr. McAllister, another former partner at OGRP, and introduced by them at an INTA conference. Ruggiero contributed considerable business and income to OGRP.  In recent years, Ruggiero's business constituted the vast majority of OGRP's annual revenues.  For over a decade, Mr.

Ruggiero's client base made the largest contribution to OGRP revenues.  For example, in 2021, approximately two thirds of OGRP revenues came from Ruggiero's client base.

22.     The inclusion of Ruggiero as a name partner in OGRP contributed significantly to the prestige and reputation of OGRP in the field of intellectual property law.

23.     In recent years, however, Greeley and Ruggiero – the sole remaining Tier 1 partners – disagreed over the management and operations of OGRP and the corrective measures to take to remedy such issues, which made it increasingly difficult for OGRP to operate. Ultimately, Ruggiero and Greeley reached an impasse over the ongoing management and operations of OGRP.  Ruggiero sought to resolve the impasse between OGRP's sole Tier 1 partners on numerous occasions.  When those efforts were unsuccessful, Ruggiero exercised his right under OGRP's LLP Agreement to expel Greeley as a partner.  By letter dated April 7, 2022, Ruggiero gave formal notice to Greeley of his expulsion and of Ruggiero's intent to proceed with the dissolution and wind-down of OGRP and agreed that Greeley could participate in the wind-down.  In the letter and other communications, Ruggiero stated that, with OGRP in wind-down, he had formed a new firm, RuggieroIP, which was expected to begin operations on June 1, 2022.  Ruggiero expected Greeley to form his own separate firm, to begin operations around the same time.  Greeley, in fact, did form a new firm in April 2022 and later in 2022, signed a new office lease (and moved to new premises), which documents did not include Ruggiero's name.

24.     Consistent with his notices to Greeley, Ruggiero did, in fact, migrate his practice to Ruggiero McAllister & McMahon LLC as of June 1, 2022.  Despite that firm's formal name, Ruggiero and its other partners have purposefully marketed the firm as RuggieroIP, in order to benefit from the goodwill associated with Ruggiero's name.  While practicing under RuggieroIP, Ruggiero has always maintained an interest in OGRP to facilitate its dissolution and wind-down.

25.    The professional falling out of Ruggiero and Greeley has resulted in actions before the Connecticut Superior Court.   Ruggiero commenced an action primarily to seek appointment of a receiver for OGRP in an effort to have a neutral, third party step in to oversee the wind-down of the firm and to minimize further disputes between the parties.   Greeley, meanwhile, commenced an action asserting various tort and contract claims against Ruggiero and another attorney formerly associated with OGRP.   These two actions are currently in jurisdictional discovery, and it remains unclear when either case will proceed on the merits.

26.    Separately, this action focuses solely on the discrete issue of Greeley's continuing affirmative and unauthorized misuse of Ruggiero's name.  The other disputes between the parties will be resolved in due course in the state court proceedings.  In the meantime, it is undisputed that the parties no longer practice law together and have not done so since at least June 1, 2022.

### C.  Greeley's Misappropriation of Ruggiero's Name

27.    Greeley cannot continue the ongoing practice of law as OGRP, a firm from which he was expelled as a partner, precipitating the firm's dissolution and wind-down.   Greeley, however, has refused to accept this reality.  Instead, he has purported to continue to practice law as OGRP, using the Ohlandt, Greeley, Ruggiero & Perle name, *including Ruggiero's name*, without Ruggiero's permission.  Ruggiero has not authorized Greeley to use Ruggiero's name and, to the contrary, has specifically directed Greeley to cease and desist from doing so.

28.    Greeley contends that Ruggiero withdrew from or abandoned OGRP and that OGRP remains an ongoing law partnership, both of which Ruggiero disputes.  However, *even if Greeley were correct* (which he is not) that Ruggiero withdrew from OGRP and that OGRP is an ongoing law firm, *Greeley still cannot practice using Ruggiero's name*.  Greeley's continued use of Ruggiero's name is expressly prohibited by, among other things, OGRP's LLP

Agreement.   Pursuant to Section 1.1 of that Agreement, "[t]he name of the LLP shall be OHLANDT, GREELEY, RUGGIERO & PERLE, LLP.  *The name of a partner will be deleted upon withdrawal from the LLP.*  The LLP may continue to use the name of a deceased, retired, or disabled partner without compensation."  (Emphasis supplied.)  Thus, even if Greeley's contentions were correct, then by his own admission, his continued use of Ruggiero's name violates Section 1.1 of the LLP Agreement.

29.     Likewise, if Greeley were correct that Ruggiero withdrew from OGRP rather than precipitating its dissolution (which dissolution would, of course, preclude Greeley from continuing to operate under the OGRP name as well), then Greeley's continued use of Ruggiero's name would violate Connecticut's Rules of Professional Conduct, which prohibit the use of misleading law firm names that imply a connection with a lawyer who is not associated with the firm.

30.     Greeley's ongoing use of the Ohlandt, Greeley, Ruggiero & Perle name is causing irreparable harm to Ruggiero's ability to practice law under his own name.  Greeley's use of Ruggiero's name has caused and will continue to cause confusion in the marketplace and especially so among the hundreds of clients who are common to Ruggiero's ongoing practice and the former practice of OGRP.  Further, Greeley is falsely advertising his ongoing practice using Ruggiero's name and leveraging all the associated goodwill.

31.     Greeley likewise operates and controls the OGRP.com domain, which similarly uses and misappropriates Ruggiero's name.  The OGRP acronym, which is based on the initials of the four former partners of the firm, including Ruggiero, is listed throughout the website.  Moreover, Ruggiero's name itself is also prominently listed throughout the website.  Likewise,

the implicit inclusion of Ruggiero in the OGRP.com domain name is another instance of Greeley's unauthorized use of Ruggiero's name.

32.    Indeed, long after Ruggiero had established an independent practice at RuggieroIP in June 2022 and into February 2023, the OGRP website has conspicuously listed Ruggiero's name throughout the website, including on the initial landing page for the website:



33.     Likewise, on the "Our Firm" page, the website describes "Who We Are" as including Ruggiero:



34.     Indeed, due to the design of the website, the OGRP logo and Ruggiero's name appear at the bottom of every distinct page contained on the website.   An example of this is below:



35.     Further, even when Greeley or his staff updated the OGRP website to revise the firm's physical address in late January 2023, Greeley failed to remove and instead maintained the repeated references to Ruggiero's name throughout the site.

36.    Moreover, for a number of months, Greeley improperly advertised on the OGRP website that RuggieroIP professional staff who had left OGRP were still employed by that firm. As recently as the first half of January, five paralegals were listed on the staff page of OGRP.com; however, four of these paralegals had left OGRP months by June 2022 and all but one had long been working for RuggieroIP.  This gave visitors to the site the misleading impression that Greeley's legal practice was more substantial than in fact it was, and that Ruggiero and/or professional staff working at RuggieroIP were still associated with OGRP. These misleading professional staff listings contributed to the ongoing confusion and risk that clients would communicate with OGRP in the belief that they were communicating with RuggieroIP.  This persisted until the second half of January, when counsel for RuggieroIP interceded and the OGRP website was updated to remove the paralegals who no longer remain in Greeley's employ.

37.    Greeley's use of Ruggiero's name is so prolific that the top Google search results for Ruggiero's own name often include links to OGRP.com, a domain controlled by Greeley for promoting his own legal practice.  For example, in sample searches conducted in January, OGRP was still among the top three or four search results returned, and a landing banner for OGRP was prominently displayed on the right-hand side adjacent to all of the top results, as shown below:





38.     Thus, Google searches conducted in January for Ruggiero's name produce large banner recommendations for Greeley's practice at OGRP and OGRP.com, while displaying Ruggiero's name as associated with that firm.  Upon information and belief, Greeley or his staff can change the information reflected in these large banner recommendations.  The fact that neither Greeley nor his staff have done so is further proof of Greeley's intentional misuse of Ruggiero's name.

39.     Further, Greeley or his staff have sent numerous communications to Ruggiero's clients which have used Ruggiero's name as part of Ohlandt, Greeley, Ruggiero & Perle and OGRP.  For example, on October 6, 2022, Greeley or staff at his direction sent a marketing email to Ruggiero's clients who had transitioned to RuggieroIP, continuing to use Ruggiero's name in Greeley's ongoing practice of law: [1]

---

[1] The following examples contain privileged client information and sensitive financial information, which have been redacted.

**From:** OGRP Info <info@ogrp.com>
**Date:** Thursday, October 6, 2022 at 12:30 PM
**To:**
**Subject:** News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P.

We are aware of the erroneous communications which you have received regarding the status of Ohlandt, Greeley, Ruggiero & Perle, LLP. Our OGRP team together with Microsoft and BlueHost worked diligently over several days to remove this erroneous content from our website. Please be reassured that OGRP is still an active concern and servicing our clients, vendors, and friends, contrary to such misleading information sought to be disseminated by others. We regret and apologize if this information on our website has caused you any concerns or confusion, as you are welcome to maintain your matters with OGRP which you have trusted since 1989.

Accordingly, you can still reach the attorneys and staff of OGRP at its normal address, telephone, facsimile, and email addresses, as we continue to provide the same high quality legal services that you have come to expect from our experienced team. Please do not hesitate to contact us if you have any questions or concerns.

**Ohlandt, Greeley, Ruggiero & Perle, L.L.P.**
**One Landmark Square**
**Stamford, Connecticut 06901, U.S.A.**
**Tel. No. (203)327-4500**
**Fax. No. (203)327-6401**
**Email: info@ogrp.com**

40.     The October 6, 2022 email caused confusion among Ruggiero's clients as to the

status of Ruggiero vis a vis OGRP:

**Charlie Ruggiero**

| | |
|---|---|
| **From:** | |
| **Sent:** | Thursday, October 6, 2022 12:35 PM |
| **To:** | Charlie Ruggiero; Ned McMahon |
| **Subject:** | FW: News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P. |

See below. This is very confusing. I did not receive anything other than what you sent to me. Is OGRP still an ongoing concern? Have our files been moved to R IP?

Tel:

**Charlie Ruggiero**

| | |
|---|---|
| From: | |
| Sent: | Thursday, October 6, 2022 1:40 PM |
| To: | Charlie Ruggiero |
| Subject: | Fwd: News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P. |

Hi Charlie

We received this email.

We don't really know what they are saying.

Regards

41.     Greeley or his staff have also sent numerous emails to Ruggiero's clients requesting payment of invoices using the Ohlandt, Greeley, Ruggiero & Perle and OGRP names. While these emails stated that Ruggiero was no longer associated with OGRP, the emails liberally utilized Ruggiero's name in Ohlandt, Greeley, Ruggiero & Perle no fewer than five times and the acronym OGRP four more times.  This has caused confusion among Ruggiero's clients as to the status of Ruggiero vis-à-vis OGRP.  For example:

**From:** Donna R. Collins <dcollins@ogrp.com>
**Sent:** Thursday, January 5, 2023 1:45 PM
**To:** ▊
**Subject:** {EXTERNAL} ▊ -OGRP AR Statement

**CAUTION:** The message originated from an EXTERNAL SOURCE. Please use caution when opening attachments, clicking links or responding to this email.

Dear Sir or Madam,

In addition to providing your attached Statement of Account for review, we would like to advise that Charles N. J. Ruggiero is no longer associated with our firm, Ohlandt, Greeley, Ruggiero & Perle, LLP.

As such our payment remittance details have changed.

Please remit Wire Transfers, ACH and Check payments using our **KeyBank N.A.** banking details shown below.
Payments should only state the payee as:  **Ohlandt, Greeley, Ruggiero & Perle, LLP**.

Wire Transfers, ACH and Check payments remitted to other third parties cannot be credited to your account by OGRP.

Please email us at ar@ogrp.com if any additional information is needed or if there are any questions.

Thank you for your assistance during this transition.

Sincerely,

Accounts Receivable Department
Ohlandt, Greeley, Ruggiero & Perle, LLP
One Landmark Square, 10th Floor
Stamford, Connecticut 06901 USA
Phone:  (203) 327-4500
Email:  ar@ogrp.com

**WIRE TRANSFER, ACH AND CHECK REMITTANCE DETAILS**

**KeyBank N.A.**
(Formerly First Niagara Bank)
4910 Tiedeman Road
Brooklyn, OH 44144
Wire Transfer Operations — Phone: (800)-447-3817

**Swift Code:** ▊
**ABA:** ▊

**Ohlandt, Greeley, Ruggiero & Perle, LLP**
KeyBank Checking Account# - ▊

**For Payments made by Check please mail to:**
Ohlandt, Greeley, Ruggiero & Perle, LLP
One Landmark Square, 10th Floor
Stamford, CT 06901-2682

42.    Ruggiero's clients were confused by these purported collection emails from "Ohlandt, Greeley, Ruggiero & Perle."  Because these emails bore Ruggiero's name, there was confusion as to whether Ruggiero had authorized these emails.  Examples follow:

**From:** █████████████████████
**Sent:** Monday, October 17, 2022 5:38 PM
**To:** Charlie Ruggiero <charlie@ruggieroip.com>
**Cc:**
**Subject:** Fwd: ███████████████ -OGRP AR Statement

Hi Charles,
I though my case patients were moved to you . Is this correct?

The old bills they have sent from as far back as 8 yrs we have asked many times to verify but they can not.

So where should our cut off be and Now yesterday I approved payment for several 1000,s of Bills is that to you?

**From:** █████████████████████████
**Sent:** Monday, October 17, 2022 7:02 PM
**To:** Charlie Ruggiero <charlie@ruggieroip.com>
**Cc:** █████████████████████
**Subject:** FW: ████████████████ -OGRP AR Statement

Hi Charlie – I just received this.  Do you know anything about this nonsense?



43.    OGRP employees, at the direction of Greeley, have also sent emails bearing the OGRP name in which they threatened to send unpaid invoices which bear the OGRP name to collection agencies.

44.    On information and belief, as a result of the confusion caused by the collection emails sent by Greeley or staff at his direction, one or more Ruggiero clients have accidentally paid Greeley for work performed by RuggieroIP:

Cc: █████████████████████████████

Subject: RE: ████████ Ruggiero McAllister McMahon LLC AR Statement

Hi Vivian,

Unfortunately the payment processed yesterday as follow went to the wrong bank account:

| 6872453 | Domestic US Dollar Payment | USD | 10/11/2022 | Ohlandt Greeley Ruggiero &amp Perle LLP | Bank: KEYBANK NATIONAL ASSOC SWIFT\BIC: ████████ Clearing Cod████████ Account No: ████████ Country: UNITED STATES |

$130.00 of this payment is applicable to Ohlandt Greeley Ruggiero,

Can you transfer the balance $3,769.50 – 130.00= $3,639.50 back to us so we can then transfer the money into the correct bank account ████████ ?

Kind Regards,

████████

45.     Indeed, at least one client of Ruggiero that had originally transferred their files from OGRP to RuggieroIP has now moved their work to another firm, citing the confusion and discomfort caused by the OGRP emails sent by Greeley or his representatives.

46.     In addition, for many months, signage in the office building in which OGRP is located continued to refer to the firm as Ohlandt, Greeley, Ruggiero & Perle.  In January 2023, after Greeley signed a new lease using a new firm name (without Ruggiero's name) and moved to another floor, Greeley or his staff posted and re-posted notices stating that Ohlandt, Greeley, Ruggiero & Perle had moved to floor 19 of the same building.

**D.  Greeley's Continued Misappropriation of Ruggiero's Name**

47.     Notwithstanding the split between the parties in June 2022, Greeley has continued to market his legal practice using Ruggiero's name to Ruggiero's clients into February 2023.

48.     On or about January 18, 2023, Greeley or his staff sent an email to consumers,

including current clients of RuggieroIP, advertising that Ohlandt, Greeley, *Ruggiero* & Perle,

LLP (emphasis added) had relocated:

From: **OGRP Info** <info@ogrp.com>
Date: Wed, Jan 18, 2023 at 15:11
Subject: News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P.
To: [REDACTED]


Ohlandt, Greeley, Ruggiero & Perle, LLP is pleased to announce that we have relocated from the 10th to the 19th floor.  Our building address, telephone number, facsimile number and emails all stay the same.


### Ohlandt, Greeley, Ruggiero & Perle, LLP

**One Landmark Square**

**19th Floor**

**Stamford, Connecticut 06901**

**United States of America**


**Telephone No. (203)327-4500**

**Facsimile No. (203)327-6401**

**www.ogrp.com**


Wishing all a very happy and healthy New Year.

49.     This led at least one current client of Ruggiero, and likely more who did not expressly reach out) to mistakenly believe the email came from Ruggiero:

**From:** ████████████████████
**Sent:** Tuesday, February 7, 2023 5:31 PM
**To:** Charlie Ruggiero <charlie@ruggieroip.com>
**Subject:** Fwd: News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P.

Sorry, this is a bit confusing as I thought you said you were in a different location than this now...

If you get a chance, correct me where I'm wrong here...

Peace,



Sent from my iPad

Begin forwarded message:

> **From:** OGRP Info <info@ogrp.com>
> **Date:** January 18, 2023 at 4:40:03 PM EST
> **To:** ████████████████
> **Subject: News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P.**

Ohlandt, Greeley, Ruggiero & Perle, LLP is pleased to announce that we have relocated from the 10th to the 19th floor.  Our building address, telephone number, facsimile number and emails all stay the same.

50.     On or about February 3, 2023, Greeley or his staff sent an email to consumers, including current clients of Ruggiero, advertising that "Ohlandt, Greeley, Ruggiero & Perle, LLP is pleased to announce that attorney John A. Caruso has recently joined our firm's life science and biotech practice group."

-20-

51.     In response to the marketing emails regarding OGRP's relocation and the addition of attorney Caruso to Greeley's legal practice, a former longtime client of Ruggiero sent the following email, mistakenly under the impression that the marketing emails related to Ruggiero's current work:

**From:** ███████████████████████
**Sent:** Tuesday, February 7, 2023 6:12 AM
**To:** Charlie Ruggiero <charlie@ruggieroip.com>
**Subject:** Fwd: News From Ohlandt, Greeley, Ruggiero & Perle, L.L.P.

Hi Charlie,

My apologies for the delay in congratulating you on the Office move. Also, I see that you have recently recruited a new member to the team whose credentials look very impressive. I hope that he will bring even more success to your established team.

Best wishes

████████

52.     Continuing into February 2023, Greeley or his staff continue to send collection emails (similar to the ones copied *supra*) to Ruggiero's clients that liberally use Ruggiero's name and the OGRP acronym.

53.     Despite Ruggiero's requests, Greeley has refused to cease his unauthorized use of Ruggiero's name.  Ruggiero has made clear that Greeley does not have permission to use Ruggiero's name in his practice of law.  On December 12, 2022, for example, Ruggiero sent a letter to Greeley, through counsel, demanding that Greeley cease and desist from further use of Ruggiero's name.  Greeley did not respond to most of the substance of this letter.  Instead, Greeley, through counsel, baselessly argued that, since Ruggiero has a continuing interest in the dissolution and wind-down of OGRP, Greeley is entitled to use Ruggiero's name.  However, as the demand letter explained, because Greeley was properly expelled from OGRP, which is in dissolution and wind-down, Greeley cannot continue the ongoing practice of law as OGRP.

Moreover, even if Greeley's repeated contention were correct that Ruggiero withdrew from OGRP, then he still cannot practice law using Ruggiero's name because Ruggiero has not authorized him to do so, because the provisions of the LLP Agreement require the removal of Ruggiero's name under such circumstances, and because Rule 7.1 of the Connecticut Rules of Professional Conduct requires that he stop as well.

54.    In sum, Greeley is not authorized to use Ruggiero's name to advertise and market Greeley's law practice and has not been authorized to do so since June 1, 2022.  Despite this, Greeley continues to practice law and advertise his law practice using Ruggiero's name and misappropriating the associated goodwill.  Each time that the Ohlandt, Greeley, Ruggiero & Perle name is used by Greeley, he benefits from the inclusion and commercial value of Ruggiero's name.  Greeley's actions falsely associate Greeley's law practice and business activities, including his employees, with Ruggiero, falsely advertise that Ruggiero remains involved with Greeley's legal practice, and falsely represent that services provided by Greeley's OGRP include work performed or overseen by Ruggiero.

**FIRST CLAIM FOR RELIEF**
**(FALSE ASSOCIATION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A))**

55.    Ruggiero repeats and incorporates paragraphs 1-54 of this Complaint as if fully set forth herein.

56.    Greeley has no right to use Ruggiero's name in connection with his law practice.  Greeley also knows that he is not authorized to use Ruggiero's name.  As such, all communications, advertisements, and other promotional materials bearing Ruggiero's name that have been distributed by Greeley or his staff at Greeley's instruction since June 1, 2022 are false and deceptive.  Likewise, the continued unauthorized use of Ruggiero's name in the OGRP.com domain is false and deceptive.

-22-

57.     Greeley's actions mislead consumers including clients and potential clients regarding Ruggiero's affiliation with Greeley and his law practice.

58.     Greeley's actions have caused demonstrable confusion among Ruggiero's clients concerning the association between Greeley and Ruggiero, and, unless abated, are likely to cause further consumer confusion.

59.     In addition, Greeley's use of Ruggiero's name, in marketing, advertising, invoicing, and other business communications, including delivery of client services, is likely to cause confusion as to Ruggiero's approval of Greeley's activities.

60.     Ruggiero's name, because of his reputation in the legal community and his legal expertise, is a valuable asset.  The recognition of a named partner in a law firm is commonly used as an advertisement for the firm, and is often used to represent the value of a given firm.  As such, the inclusion of Ruggiero's name in the name of Greeley's usurpation of OGRP's law practice reflects a willful usurpation by Greeley of the value and goodwill of Ruggiero's asset, and misrepresents, on an ongoing basis, a connection and association between Greeley's law practice and Ruggiero.

61.     Furthermore, because Ruggiero's name is a valuable asset, Greeley has commercially benefited from using Ruggiero's name in furtherance of Greeley's law practice.

62.     Greeley's communications, advertisements, and other promotional materials affect interstate commerce, because they are frequently distributed over the internet and to clients and potential clients, both inside and outside of Connecticut.

63.     Ruggiero has been harmed by Greeley's misappropriation of his name.  In addition to the harm directly caused to Ruggiero personally and to his name and reputation (including because he does not have control over the services performed by OGRP under his

name), Greeley's misuse of Ruggiero's name is harmful to the new firm marketed as RuggieroIP, which bears Ruggiero's name with his authorization; and this injury causes further indirect injury to Ruggiero, who profits from and is entitled to profit from RuggieroIP's lawful use of Ruggiero's name and associated goodwill.

64.     Greeley's use of Ruggiero's name has resulted in confusion among Ruggiero's current clients and prospects, including with respect to any association between Greeley and Ruggiero and with respect to Ruggiero's approval of Greeley's business activities, and is likely to cause further confusion.

65.     Greeley's continued mismanagement of OGRP, including sending confusing collection notices to Ruggiero's clients and threatening collection from such clients, while using Ruggiero's name, also has a deleterious effect on the value of Ruggiero's name, including both his personal reputation and the reputation of RuggieroIP, which uses his name with license.

66.     As a result of Greeley's actions, as alleged, Ruggiero has been harmed.

67.     Unless enjoined, Greeley's ongoing use of the Ruggiero name will cause further, irreparable harm for which there is no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LANHAM ACT,**
**15 U.S.C. § 1125(a)(1)(B))**

68.     Ruggiero repeats and incorporates paragraphs 1-67 of this Complaint as if fully set forth herein.

69.     Greeley has no right to use Ruggiero's name in connection with his continued practice of law.  Greeley also knows that he is not authorized to use Ruggiero's name.  As such, all communications, advertisements, and other promotional materials bearing Ruggiero's name that have been distributed by Greeley or staff at Greeley's instruction since June 1, 2022 are false

and deceptive.  Likewise, the continued unauthorized use of Ruggiero's name in the OGRP.com domain is false and deceptive.  Under the standards of Rule 7.1 of the Connecticut Rules of Professional Conduct, Greeley's misuse of Ruggiero's name in the name of Greeley's law practice is a misrepresentation of the very nature of the services provided.

70.     Accordingly, since June 1, 2022, each communication and advertisement, as well as OGRP.com, bearing Ruggiero's name was literally false because it suggested that Ruggiero was connected with Greeley's ongoing legal practice.

71.     Ruggiero's name, because of his reputation in the legal community and his legal expertise, is a valuable commodity.  The recognition of a named partner in a law firm is commonly used as an advertisement for the firm and is often used to represent the value of a given firm.  As such, the inclusion of Ruggiero's name in Greeley's misappropriation of OGRP misrepresents a characteristic of the very services of OGRP; namely, it misrepresents Ruggiero's connection to Greeley's law practice.

72.     Furthermore, because Ruggiero's name is a valuable commodity, Greeley's use of Ruggiero's name was done for Greeley's commercial benefit.

73.     OGRP's communications, advertisements, and other promotional materials affect interstate commerce because they are frequently distributed over the internet and to consumers inside and outside of Connecticut.

74.     Ruggiero has been harmed by Greeley's misappropriation of his name.  Greeley's use of the Ruggiero name has resulted in confusion among Ruggiero's current clients and is likely to cause further confusion with prospective clients.  Greeley's use of Ruggiero's name also detrimentally impacts Ruggiero's ability to operate his new firm, under his own name, separate from Greeley.  Greeley's continued mismanagement of OGRP, including threatening clients and

sending outdated collection notices, while using Ruggiero's name, also has a deleterious effect on the brand recognition of Ruggiero's name.

75.     Unless enjoined, Greeley's ongoing use of the Ruggiero name will cause irreparable harm for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (INVASION OF PRIVACY – MISAPPROPRIATION OF RUGGIERO'S NAME AND LIKENESS)

76.     Ruggiero repeats and incorporates paragraphs 1-75 of this Complaint as if fully set forth herein.

77.     Greeley has lacked permission to use Ruggiero's name to advertise Greeley's law practice or for any other commercial purpose since at least June 1, 2022.  On various occasions, including December 12, 2022, Ruggiero specifically demanded that Greeley cease and desist from doing so.  Despite Greeley's lack of authority and specific awareness of Ruggiero's objection, Greeley has continuously misappropriated Ruggiero's name for his law practice and related commercial activities.

78.     Greeley's misappropriation of Ruggiero's name is an invasion of Ruggiero's privacy, and, unless enjoined, Greeley's ongoing use of Ruggiero's name will cause irreparable harm for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Ruggiero seeks judgment in favor of himself and against Greeley, as follows:

1.   A temporary restraining order and preliminary and permanent injunctive relief restraining Greeley, his employees, and all persons in active concert or participation with Greeley from using Ruggiero's name in Greeley's ongoing practice of law,

including on the OGRP website, in the OGRP.com domain name, and in all communications including with clients and prospective clients;

2. A specific direction in such temporary restraining order (and other injunctive relief) that Greeley cease using Ruggiero's name on Greeley's website, on firm letterhead, and in all communications with consumers including clients (other than to state that Ruggiero is no longer associated with Greeley's legal practice) within three (3) days of the entry of such order;

3. A specific direction in such temporary restraining order (and other injunctive relief) that Greeley modify the OGRP.com domain name and the OGRP email addresses that use the ogrp.com prefix to remove Ruggiero's initial within fourteen (14) days of the entry of such order;

4. A specific direction in such temporary restraining order (and other injunctive relief) requiring Greeley to identify to Ruggiero all recipients of the January 18, 2023 and February 3, 2023 OGRP marketing emails and to send a corrective email notice to all such recipients informing them that Greeley is practicing law separately from Ruggiero and that Greeley can no longer use the Ohlandt, Greeley, Ruggiero & Perle, LLP name or OGRP acronym within fourteen (14) days of the entry of such order;

5. Awarding Ruggiero his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

6. Such other relief as is just and proper.

PLAINTIFF,
CHARLES N.J. RUGGIERO


By:  */s/ Thomas D. Goldberg*
     Thomas D. Goldberg (ct04386)
     Helen Harris (ct26816)
     Jonathan Tropp (ct11295)
     Day Pitney LLP
     One Stamford Plaza, 7th Floor
     263 Tresser Boulevard
     Stamford, CT  06901
     Juris No. 014230
     T:  (203) 977-7300
     F:  (203) 977-7301
     tgoldberg@daypitney.com
     hharris@daypitney.com
     jbtropp@daypitney.com

**<u>CERTIFICATION</u>**

I hereby certify that on February 15, 2023, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Thomas D. Goldberg*_____
Thomas D. Goldberg